UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSEFINA TAVAREZ,

                            Plaintiff,

            -against-

THE CHILDREN'S VILLAGE,

                            Defendant.

22-CV-9806 (KMK)

ORDER OF SERVICE

KENNETH M. KARAS, United States District Judge:

Plaintiff brings this *pro se* Action under the Americans with Disabilities Act of 1990

("ADA"), 42 U.S.C. §§ 12112-12117.  (*See generally* Compl.)  The Complaint could also be

liberally construed as asserting claims under the New York State Human Rights Law, N.Y. Exec.

Law §§ 290 to 297, and the New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101 to

131.  (*Id.*)  Plaintiff alleges that her employer, The Children's Village ("Children's Village"),

violated her rights under the ADA because of her disability, perceived disability, or record of

disability.  By order dated November 18, 2022, Chief Judge Laura Swain granted Plaintiff's

request to proceed *in forma pauperis* (IFP).  (*See* Order Grantin IFP App. (Dkt. 4).)

## DISCUSSION

Because Plaintiff has been granted permission to proceed IFP, she is entitled to rely on

the Court and the U.S. Marshals Service to effect service.[1]  *Walker v. Schult*, 717 F.3d. 119, 123

n.6 (2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and Complaint until the Court reviewed the Complaint and ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons issues.

all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (explaining that the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP)).

To allow Plaintiff to effect service on Defendant Children's Village through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant.  The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the Complaint is not served within 90 days after the date the summons issues, Plaintiff should request an extension of time for service.  *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if her address changes, and the Court may dismiss the Action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Children's Village, complete the USM-285 form with the address for Defendant, and deliver to the U.S. Marshals Service all documents necessary to effect service.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    December 8, 2022
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge

## DEFENDANTS AND SERVICE ADDRESSES

The Children's Village
1 Echo Hills Road
Dobbs Ferry, NY 10522